# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK LEE CRUISE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00625 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **C/O BYRD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Mark Lee Cruise, Pro Se Plaintiff.*

Plaintiff Mark Lee Cruise, a Virginia inmate proceeding pro se, filed this civil action, alleging that Defendant Byrd, an officer at the New River Valley Regional Jail ("the jail"), violated his rights by holding his mail overnight. After review of Cruise's submissions, however, I find that this case must be summarily dismissed.

Cruise has affixed his allegations to a Virginia criminal complaint form. The form states that on October 21, 2014, while Byrd was passing out inmates' incoming mail, someone called him a crude name. Byrd stopped the distribution and returned to the unit to complete the distribution after the inmates were locked down for the night. When Bryd came to Cruise's cell, he asked who was on the top bunk, but Cruise did not answer. Byrd called Cruise a "smart ass" and threw

two letters for Cruise on the table outside the cell.  Cruise sues Byrd for failing to deliver his United States mail within 24 hours of its receipt at the jail.[1]

I must dismiss any action or claim filed by a prisoner against a governmental entity or officer if I determine that the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Private citizens, like Cruise, cannot bring a direct criminal action against another person or petition a federal court to compel the criminal prosecution of another person.  *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Therefore, to the extent that Cruise brings this action with the intent to instigate criminal charges against Byrd for delaying his mail, his claim has no basis in fact or law.

Liberally construed, Cruise's complaint also asserts that Byrd's actions caused some constitutional injury.  I also find no actionable claim here.  An occasional, short-term delay of prison mail such as Cruise alleges simply does not state any deprivation of constitutional proportions.  *See, e.g., Pearson v. Simms,* 345 F. Supp. 2d 515, 519 (D. Md. 2003), *aff'd*, 88 F. App'x 639 (4th Cir. 2004)

---

[1] When Cruise filed grievances and appeals about Byrd's conduct, officials stated that Byrd had rightfully delayed mail delivery because the inmates were not following proper procedure.

(unpublished). Therefore, I will summarily dismiss Cruise's federal claims in this action under § 1915A(b)(1) as frivolous.

To the extent that Cruise may be alleging violation of state law or prison regulations, such allegations do not provide a basis for constitutional claims under 42 U.S.C. § 1983. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990). I decline to exercise supplemental jurisdiction over such state law claims under 28 U.S.C. § 1367(c) and will dismiss them without prejudice.

A separate Order will be entered herewith.

DATED: January 30, 2015

/s/ James P. Jones
United States District Judge